UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff/Respondent, | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:05-CR-650-2 |
| | § | |
| MICHAEL GONZALEZ, | § | |
|   Defendant/Movant. | § | |

## **ORDER**

Pending before the Court are two letter motions from Defendant Michael Gonzalez requesting that his detainer be lifted so that he may be released from state custody on parole. D.E. 104, 105.

Defendant pled guilty to being a felon in possession of ammunition in 2006. He was originally sentenced to 37 months in the Bureau of Prisons, to be followed by 3 years' supervised release. Since his release from custody in 2008, Defendant's supervision has been revoked on four separate occasions, resulting in additional prison time and an extension of his supervised release. He most recently recommenced supervision in January 2017.

On April 5, 2017, Defendant's probation officer filed a Petition for Warrant or Summons for Offender Under Supervision alleging that Defendant tested positive for methamphetamine, failed to report to his probation officer for nearly two months, and failed to notify his probation officer within 72 hours of a change in residence. D.E. 102. The Court issued a warrant for Defendant's arrest, but it was not executed at that time.

Two weeks later, Defendant assaulted his live-in girlfriend and stole her purse and various household electronics. He was convicted in Texas state court of assault of a family or household member with a previous conviction and theft of property less than $2500 with two or more previous convictions, and was sentenced in 2018 to six years' imprisonment in the Texas Department of Criminal Justice (TDCJ).

Meanwhile, on August 17, 2018, Defendant's federal probation officer filed a Superseding Petition for Offender Under Supervision to include his Texas assault and theft convictions. D.E. 103. As a result, Defendant states that a federal detainer was placed on him on March 25, 2020, preventing his release from TDCJ custody; however, due to the current COVID-19 pandemic, he has not been transferred to federal custody for a hearing on the alleged supervised release violations. Defendant therefore moves the Court to order that the detainer be lifted so that he may be released on parole.

"Federal detainers . . . issued by the United States Marshal . . . merely request that state prison officials notify the Marshal of a prisoner's release date so that a deputy marshal may be present on that day to take custody of the prisoner." *United States v. Yarborough*, 137 F.3d 1351, 1998 WL 92448, at *1 (5th Cir. 1998) (quoting *United States v. Dovalina*, 711 F.2d 737, 740 (5th Cir.1983) (alteration in *Yarborough*)). According to the TDCJ Offender Information database, in September 2019, Defendant was approved to be released on parole in February 2020; however, he is not scheduled for release at this time. *See* https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=05768416 (last visited 4/23/2020). Once Defendant has served his state

sentence, he should be released to federal authorities for adjudication of the alleged violation of his supervised release. If Defendant is unable to be transferred to federal custody upon his parole from the TDCJ due to the current COVID-19 crisis, any additional time spent in TDCJ custody should be credited towards his federal sentence. *See Ballard v. Blackwell*, 449 F.2d 868, 869 (5th Cir. 1971) ("If the Federal detainer alone prevented [Petitioner's] release from State confinement, credit must be given.").

For the reasons stated herein, Defendant's letter motions to lift detainer (D.E. 104, 105) are **DENIED**.

ORDERED this 24th day of April, 2020.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE